UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br>v.<br><br>JOEL SHANNON SMITH,<br><br>                    Defendant. | Case No. 2:17-cr-00044-JAD-PAL<br><br>**ORDER**<br><br>(*Ex Parte* App. Subpoena – ECF No. 29) |

This matter is before the court on Defendant Joel Smith's *Ex Parte* Application Requesting Subpoena (ECF No. 29), which was filed March 16, 2018, pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure and LCR 17-1 of the Local Criminal Rules of Practice. This Application is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and LR IB 1-3 and 1-7(g) of the Local Rules of Practice.

Having reviewed and considered the matter, the court finds that Mr. Smith has met his burden under *United States v. Iozia*, 13 F.R.D. 335, 338 (S.D.N.Y. 1952), of establishing the need for pretrial production of the materials described in the Application. The Application provides information regarding how the materials are necessary to his defense. Producing the records in advance will avoid delaying the trial while counsel reviews what may prove to be voluminous records. The court also finds good cause for Smith's Application to remain *ex parte* and under seal. Mr. Smith has already been found indigent. The court therefore finds that he is financially unable to pay process costs or witness fees for a subpoena. Accordingly, the court will grant the Application and issue subpoenas *duces tecum* to Texas Station Gambling Hall & Hotel, Palace Station Hotel and Casino, Circus Circus, and Chase Bank.

Although the court finds good cause for the Application to remain ex parte, the request for issuance of ex parte subpoenas returnable directly to defense counsel is denied. Rule 17 is not a

discovery device. *United States v. Sellers*, 275 F.R.D. 620, 622 (D. Nev. 2011) (citing *United States v. Nixon*, 418 U.S. 683, 689 (1974)); *United States v. Fletcher*, 461 F. Supp. 2d 1101, 1102 (D. Ariz. 2006) (Rule 17(c) subpoenas " may not be used to expand the scope of Rule 16"). Rule 17(c) states that the "court may direct the witness *to produce the designated items in court* before trial or before they are to be offered in evidence." Fed. R. Crim. P. 17(c)(1) (emphasis added). The rule does not authorize subpoenas requiring a witness to produce the designated items directly to one party, or to produce the materials at some time or place other than the trial or evidentiary hearing in court. *See, e.g.*, *United States v. Binh Tang Vo*, 78 F. Supp. 3d 171, 178–80 (D.D.C. 2015) (quashing subpoena that added a statement regarding time and place of production to only one party: " '[i]n lieu of personally appearing before the Court . . . you may comply with this subpoena by promptly providing the undersigned Assistant U.S. Attorney' " with the documents); *Sellers*, 275 F.R.D. at 624–25.

The court may authorize pretrial production in order to prevent delays when documents produced in response to a subpoena duces tecum are offered into evidence during trial or a hearing. *See Iozia*, 13 F.R.D. at 338. If a defendant's ex parte application is approved, the court issues Rule 17(c) subpoenas with notice to the parties and requires the witness to deliver responsive documents directly to the Clerk of the Court. *Sellers*, 275 F.R.D. at 625.[1] The clerk's office then notifies the parties that the documents are available for inspection and copying. *Id*. Although an ex parte application is permitted, it does not follow that a Rule 17(c) subpoena entitles a defendant to strategic advantage or tactical surprise. *Id*. at 624. *Cf*. Fed. R. Civ. P. 45(a)(4) (requiring notice to other parties before service of a subpoena duces tecum).

Mr. Smith's Application and attached proposed subpoenas request that documents be produced along with a declaration of the Custodian of Records directly to defense counsel's law offices. Smith does not identify any of the limited circumstances justifying ex parte production. Defense counsel and their support staff may, of course, investigate possible defenses and keep

---

[1] The court will only allow production of subpoenaed materials ex parte (*i.e.*, directly to defense counsel) in limited circumstances, such as where (i) identification of the source of evidence potentially imperils the source or integrity of evidence; (ii) notice of a subpoena duces tecum would compromise defense counsel's trial strategy; or (iii) a constitutional interest of a defendant is implicated. *Sellers*, 275 F.R.D. at 624.

their own work product protected from disclosure under the qualified work product privilege. However, counsel may not use the court's subpoena power to obtain discovery and fail to disclose the information obtained through the subpoena. The court will therefore order issuance of the subpoenas duces tecum directing the custodians of records to produce the designated items to the Clerk of the Court on or before 4:00 p.m., **May 7, 2018**. Upon receipt of the documents, the Clerk shall notify counsel for the parties that the documents are available for inspection and copying.

Having reviewed and considered the matter,

**IT IS ORDERED:**

1. Defendant Joel Smith's *Ex Parte* Application for Subpoenas (ECF No. 29) is **GRANTED IN PART AND DENIED IN PART**, consistent with the body of this order. The application shall remain *ex parte* and under seal.

2. The Clerk of the Court shall issue subpoenas *duces tecum* to Texas Station Gambling Hall & Hotel, Palace Station Hotel and Casino, Circus Circus, and Chase Bank, and deliver a copy of this order and the subpoenas to the U.S. Marshal for service.

3. The custodians of records for Texas Station Gambling Hall & Hotel, Palace Station Hotel and Casino, Circus Circus, and Chase Bank shall produce records responsive to the subpoena by on or before 4:00 p.m., **May 7, 2018**, along with a copy of this order, to:

    Clerk of Court
    United States District Court for the District of Nevada
    333 Las Vegas Blvd., South
    Las Vegas, Nevada 89101

4. Upon receipt of the records, the Clerk of Court shall notify counsel for the parties that the documents are available for inspection and copying.

///
///
///
///
///

5. The cost of process, fees, and expenses for the subpoena shall be paid as if subpoenaed on behalf of the government, the court being satisfied that Defendant Joel Smith is financially unable to pay the fees and expenses.

Dated this 21st day of March, 2018.

                                             PEGGY A. LEEN
                                             UNITED STATES MAGISTRATE JUDGE